SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF BRONX   T-33

---

THE PEOPLE OF THE STATE OF NEW YORK,

                                                                  DECISION & ORDER

        -against-

                                                                  Ind. # 4344/2007

KIMBERLY HANZLIK,

                      Defendant.

---

APRIL A. NEWBAUER, J.

    Defendant Kimberly Hanzlik has moved for an order pursuant to Criminal Procedure Law (CPL) sections 440.10(1)(h) and 440.20 to vacate a conviction of Murder in the Second Degree and sentence of an indeterminate prison term of twenty-five years to life. The defendant's principal claim is that her trial attorney failed to use on cross examination a prior inconsistent statement made by David Thiong, a key witness, which exculpates the defendant. In the alternative, the defendant moves to renew and reargue the decision of the court (Webber, J.), denying her prior CPL §440 motion to vacate her conviction of Murder in the Second Degree and dismiss the indictment. Finally, the motion asserts grounds of actual innocence based on Thiong's pre-trial statement.

    The court reviewed the following submissions regarding the motion:

    Defendant's notice of motion and affirmation by Irving Cohen and legal argument
        dated March 28, 2016 with Exhibits A - I;

    People's Affirmation in Opposition dated August 5, 2016 and

Memorandum of Law filed by Special District Attorney Michael Barsky;

Defense counsel's Reply Memorandum dated August 12, 2016.

After reviewing the documentation submitted and considering the relevant statutes and case law, the defendant's motion is denied.

Procedural History

On February 15, 2011 before Justice Webber in Supreme Court, Bronx County, the defendant was convicted of murder in the second degree for acting in concert with her co-defendant Joseph Meldish in the killing of Joseph Brown on March 21, 1999. On February 25, 2011, the defendant's attorney filed a CPL § 330 motion seeking to set aside the verdict of the jury. On March 28, 2011, Justice Webber denied the motion. The defendant was sentenced to a term of imprisonment of twenty years to life. The defendant filed a timely notice of appeal. On May 15, 2012, the First Department unanimously affirmed her conviction (*People v. Hanzlik*, 95 A.D.3d 601 (1st Dept. 2012)). On August 20, 2012, the Court of Appeals denied leave to appeal the First Department's decision (*People v. Hanzlik*, 19 NY3d 997 (2012)).

On July 14, 2013, Gerald McMahon, a new attorney, filed a CPL §440 motion to vacate the conviction on the grounds that the trial attorney rendered ineffective assistance of counsel by failing to cross examine a cooperating co-conspirator, David Thiong, about a prior inconsistent statement. In the statement to detectives, Thiong claimed defendant Hanzlik was not present when co-defendant Meldish committed the murder.[1] On February

---

[1] In Thiong's statement to detectives, he says that he and the other co-defendant dropped Hanzlik off at her house before proceeding to the bar where Joseph Brown was killed.

20, 2014, Justice Webber denied defendant's motion to vacate her conviction, ruling there was nothing to suggest that the introduction of the statement or questioning of Thiong would have brought about a different result (*citing Harrington v. Richter*, 131 S.Ct. 770 (2011)). The court suggested that although Thiong's trial testimony was contrary, it was corroborated by the victim, who testified that she observed a female 'who looked like Hanzlik' in the bathroom mirror before the shooting, and who had identified Hanzlik from a six person photo array as the person she saw in the bar. Justice Webber also reviewed trial counsel's failure to use the statement under an objective standard and determined there were viable strategic reasons for not using the statement. Coupled with the defense attorney's robust cross examination of Thiong and overall competent and vigorous representation of the defendant, the court found the process fair as a whole (*see People v. Benevento*, 91 NY2d 708 (1998), and saw no reason to justify holding a hearing.

On December 4, 2014, the defendant filed an appeal to the First Department on ineffective assistance of counsel grounds. On April 9, 2015, the First Department unanimously affirmed her conviction (*People v. Hanzlik*, 127 AD3d 447 (1st Dept. 2015)). The First Department held:

> It was objectively reasonable to impeach the witness by means of the statements that exculpated both defendants but not by means of the statement that treated them differently. The statement at issue essentially cut both ways. While it might well have been reasonable to use this statement, it would also be reasonable to avoid revealing to the jury that in 1999 the witness made a statement that was at least partly consistent with his trial testimony, and that was arguably made before the motive to falsify arose or fully ripened. In other words, it was not unreasonable to adopt a strategy that sharply contrasted the witness's 1999 exculpation of both defendants and his radically different trial testimony. In any event, defendant has not satisfied the prejudice prongs of either a state or federal ineffectiveness claim. Defendant has not shown that counsel's failure to use the statement at issue deprived defendant of a fair trial, or that there is a "probability sufficient to undermine confidence in the outcome" (*Strickland*, 466 US at 694) that use of the statement would have led to a more favorable verdict. . . . It is not likely that

introduction of a half-consistent, half-inconsistent statement would have altered the jury's analysis.

The Court added: ..."as we noted on defendant's direct appeal (citation omitted), the testimony of [Thiong] was corroborated by an eyewitness who placed defendant at the scene." On June 19, 2015, the Court of Appeals denied leave to appeal the First Department's decision. *People v. Hanzlik*, 25 NY3d 1164 (2015).

Hanzlik now moves a second time through new counsel, Irving Cohen, Esq., to vacate her conviction on the grounds that her trial attorney rendered ineffective assistance of counsel or alternatively, to renew and reargue Justice Webber's denial of her motion pursuant to Criminal Procedure Law section 440 to vacate her conviction of Murder in the Second Degree and to dismiss the indictment on the grounds of actual innocence.[2]

On April 18, 2016 pursuant to County Law section 701.1(b), Michael Barsky, Esq. was appointed as a Special District Attorney, Bronx County, to represent the People of the State of New York in this matter because the new District Attorney of the Bronx, Honorable Darcel D. Clark, had previously sat on the First Department bench and was a member of the panel that ruled on the defendant's prior appeal. In preparing to respond to the defendant's current 440 motion, Mr. Barsky stated he reviewed the trial transcript and realized that he previously worked in the Bronx District Attorney's office at the same time as the decedent's widow. Mr. Barsky informed defendant's counsel in writing of that fact and that he did not perceive a conflict. Defendant moved to have Mr. Barsky barred from continuing as the prosecutor as a result of this familiarity. In a decision dated August 9, 2016, this Court denied defendant's

---

[2] New counsel also maintains that Gerald McMahon should have requested a hearing as part of the first section 440 motion.

motion for recusal.[3]

On August 5, 2016, the People through Michael Barsky filed an affirmation opposing the defendant's CPL §440 motion, arguing that the trial judge and the First Department had already considered defendant's claims and rejected them. In addition, Barsky claimed that the defendant received effective assistance of trial counsel as well as prior counsel for the CPL § 440 motion and motions on appeal. Moreover, the prosecutor argued that since there were no new facts in defendant's current CPL § 440 motion, the Court should not revisit the issue again and grant a hearing. Finally, the prosecutor contended that defendant's motion to dismiss on actual innocence grounds should be denied because the trial testimony placed her at the scene as an active participant[4] of the crime moments prior to her co-defendant pulling the trigger killing Joseph Brown.

---

[3] In deciding the motion, this Court concluded that as the defendant failed to demonstrate any conflict or potential conflict and there is no appearance of impropriety or substantial risk of an abuse of confidence, the defendant's motion to recuse Mr. Barsky as the Special District Attorney for the Bronx District Attorney's Office is denied. *See Matter of Schumer v. Holtzman*, 60 NY2d 46, 55(1983); *People v. Zimmer*, 51 NY2d 390 (1980); *People v. Shinkle,* 51 NY2d 417 (1980); *see also People v. Gentile*, 153 Misc.2d 986 (Sup. Ct. Queens Cty. March 23, 1992). *See also People v Torturica*, 23 AD3d 1040 (4th Dept. 2005)(prosecutor not disqualified even though victim's boyfriend was related to an employee of the office absent a showing by defendant that he suffered actual prejudice or there was a substance risk of an abuse of confidence). Mr. Barsky was not privy to any confidential conversations with Ms. Brown or with the defendant nor did he received any confidential information from Ms. Brown or the defendant. *See, e.g. People v. English*, 88 NY2d 30 (1996); *People v. Abar*, 99 NY2d 406 (2003); *Shinkle,* 51 NY2d 417 (1980).

[4] The testimony at trial was that Hanzlik, Thiong and Meldish went to Hanzlik's house and she entered her home and returned to the car that Meldish and Thiong were all seated in with a duffle bag which was given to Meldish just prior to him removing a mask and gun. They drove to Frenchy's bar together. She entered the bar and returned to the car and informed Meldish where the deceased was seated. Meldish exited the vehicle and enter Frenchy's with the mask and gun. She remained inside the car during the shooting and direct Thiong not to leave the location without Meldish. Together they left the location and Thiong dropped Meldish and Hanzlik off together at another location after the shooting. The decedent's wife identified Hanzlik looked like the female that was inside the bathroom of Frenchy's prior to the shooter entering the bar.

Conclusions of Law

The defendant raised most of the same central issues in her prior CPL §440 motion. The defendant's arguably new claims are: of actual innocence based on the exculpatory statement by Thiong; the fact that the trial attorney may not have had the typewritten form of the statement, through the People's *Brady* or *Rosario* violation or because he overlooked it; the trial attorney's statement that if he had the typewritten DD5 version at trial he would have used it in cross examination; and the co-defendant's attorney's sworn statement that the decision not to use the statement was not one of strategy between the parties as posited by Justice Webber. As detailed below, none of the new material merits the court's consideration at a hearing.

In the decision dated February 20, 2014, Justice Webber denied defendant's motion to vacate her conviction. The defendant then filed an appeal to the First Department on December 4, 2014, raising an ineffective assistance of counsel claim on the ground that her attorney failed to cross examine the co-conspirator, David Thiong, about the same prior inconsistent statement referenced here. On April 9, 2015, the First Department unanimously affirmed her conviction. *(People v. Hanzlik*, 127 AD3d 447 (1st Dept. 2015)). Both the Supreme Court of Bronx County and the First Department rejected defendant's claims, finding that trial counsel was effective. Considering the findings and analysis by the First Department, it matters not for the purposes of this motion whether counsel failed to cross examine the witness because he did not have or recognize the typewritten statement, or because he chose not to.[5] The new material and argument counsel proffers

---

[5] The typewritten DD5 memorializes the detective's handwritten notes, which were turned over to the defense. There is no *Rosario* violation and no demonstrated *Brady* violation. *See People v. Serrano,* 184 AD2d 1094 (1st Dept 1992); *People v. Whitaker,* 165 AD2d 775 (1st Dept 1990).

would not sufficiently elevate the statement's significance under the Appellate Division's framework. A court must deny a motion to vacate a judgment when the ground or issue raised "was previously determined on the merits...upon a motion or proceeding in a federal court; unless since the time of such determination there has been a retroactively effective change in the law controlling such issue." CPL § 440.10(3)(b). Because the defendant has not presented any new facts that would change the court's prior determination (see CPLR §2221(e)) or demonstrated that the Court overlooked or misapprehended the relevant facts or misapplied the controlling law to warrant reversal of the decision (CPLR §2221(d)), the defendant's motion for leave to renew or reargue is denied.

Actual Innocence Claim

In a case of first impression, on January 15, 2014, the Appellate Division, Second Department held that a defendant seeking to vacate a judgment of conviction may be entitled to relief on a free-standing claim of actual innocence. *People v. Hamilton*, 115 AD3d 12 (2nd Dept. 2014). Actual innocence means factual innocence, not merely legal insufficiency of guilt. *Hamilton*, 115 AD3d at 23; *Bousley v. US*, 423 US 614, 623-24 (1998). The claim of actual innocence must be based upon reliable evidence which was not presented at the defendant's trial. *Hamilton* at 23 (*citing Schlup v. Delo*, 513 US 298, 324 (1995)). "A prima facie showing of actual innocence is made out when there is 'a sufficient showing of possible merit to warrant a fuller exploration' by the court." *Hamilton* at 27 (*quoting Goldbum v. Klem*, 510 F3d 204, 219 (2002), *cert. denied* 555 US 850 (2008)).

In *People v. Jiminez*, 2016 NY Slip Op 05620, the First Department agreed that

CPL§440.10(1)(h) embraces a claim of actual innocence. Further, the court advised that the *Hamilton* standard should be viewed along the more general standard applicable on any motion to vacate a conviction under CPL§440.10. In applying that test to new affidavits secured after the conviction, the court viewed them as merely competing against the testimony of eyewitnesses who testified the defendant shot the victim. *Id.*

Considering the test the court conducted in *Jiminez*, the Appellate Division essentially foreclosed the defendant's claim of actual innocence on Thiong's interview with the detectives by previously referring to this evidence as a "half-consistent, half-inconsistent statement" that would 'not likely persuade a jury' and characterizing the complaining witness's identification testimony as corroboration in 'placing the defendant at the scene', which would contradict Thiong's statement. The defendant's current factual allegations thus lack sufficient merit to warrant the exercise of the court's discretion to grant a hearing surrounding use of the Thiong statement as an actual innocence claim. The Court summarily denies the motion for the reasons stated above.

Conclusion

The defendant's motion is denied in its entirety.

Dated: Bronx, New York
August 24, 2016

ENTER,

Honorable April A. Newbauer